COURT OF APPEALS
DECISION
DATED AND FILED

May 15, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2227**

STATE OF WISCONSIN

Cir. Ct. No. 2023SC559

IN COURT OF APPEALS
DISTRICT IV

PLEASANT VALLEY PROPERTIES OF WI, LLC,

    PLAINTIFF-RESPONDENT,

V.

MICHELLE NELSON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Juneau County: STACY A. SMITH, Judge. *Reversed and cause remanded with directions*.

Before Kloppenburg, P.J., Nashold, and Taylor, JJ.

¶1 NASHOLD, J.[1] Michelle Nelson appeals a judgment for eviction. Nelson challenges the circuit court's conclusion that the lease protections for rentals of manufactured home sites in WIS. STAT. § 710.15(1m) do not apply and that Nelson was therefore a periodic tenant whose tenancy could be terminated with a 28-day notice. Because we agree with Nelson and conclude that § 710.15(1m) applies, we reverse the judgment for eviction and remand for proceedings consistent with this opinion.

## BACKGROUND

¶2 Pleasant Valley Properties of WI, LLC ("Pleasant Valley") is the owner and operator of a manufactured home community.[2] Prior to her eviction,

---

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under WIS. STAT. § 752.31(3) and WIS. STAT. RULE 809.41(1) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

As the parties have been made aware, due to a clerical error in the clerk's office, this case was not transmitted to this court until over seven months after the final brief was filed.

[2] In its respondent's brief, Pleasant Valley refers to its property as a "trailer park" and to Nelson's rented home as a "mobile home." In the circuit court proceedings, Nelson and the court also referred to Nelson's home as a "mobile home." However, Pleasant Valley does not dispute Nelson's characterization in her appellant's brief of Pleasant Valley's property as a "manufactured home community" or her characterization of her rented home as a "manufactured home." A "manufactured home" under WIS. STAT. § 710.15(1)(am) is defined by WIS. STAT. § 101.91(2) as any of the following:

> **(am)** A structure that is designed to be used as a dwelling with or without a permanent foundation and that is certified by the federal department of housing and urban development as complying with the standards established under 42 USC 5401 to 5425.
>
> **(c)** A mobile home, unless a mobile home is specifically excluded under the applicable statute.

A "mobile home" under § 710.15(1)(b) is defined to exclude recreational vehicles and is further defined by § 101.91(10) as

(continued)

2

Nelson rented both a manufactured home and the plot of land on which the home sits. When Nelson's one-year lease with a prior owner of the manufactured home community expired on March 31, 2023, Pleasant Valley did not offer Nelson a new one-year lease. However, Nelson continued to live at the property and make monthly rent payments.

¶3    On August 28, 2023, Pleasant Valley sent Nelson a "28 Day Notice of Non-Renewal of Lease." When Nelson did not vacate the property by the end of the 28-day period, Pleasant Valley brought an eviction action in small claims court on October 3, 2023. Nelson filed an answer, which alleged as an affirmative defense that any month-to-month rental agreement was invalid because WIS. STAT. § 710.15(1m) requires that a rental agreement for a manufactured home site be by lease and for a term of at least one year unless the resident and operator agree to a shorter term. She also alleged that Pleasant Valley produced no evidence showing

---

a vehicle manufactured or assembled before June 15, 1976, designed to be towed as a single unit or in sections upon a highway by a motor vehicle and equipped and used, or intended to be used, primarily for human habitation, with walls of rigid uncollapsible construction, which has an overall length in excess of 45 feet. "Mobile home" includes the mobile home structure, its plumbing, heating, air conditioning and electrical systems, and all appliances and all other equipment carrying a manufacturer's warranty.

The parties do not draw any distinction between a manufactured home or a mobile home for purposes of the issues on appeal, nor do we discern any relevant distinctions. Thus, when the phrase "mobile home" appears in quoted material, that phrase may also encompass a "manufactured home."

that Nelson had agreed to a month-to-month lease for the site.[3]  Nelson further alleged that, because the rental of a site required a lease for a term of at least one year, the 28-day notice was invalid.

¶4     The circuit court held an eviction hearing on November 7, 2023.  At the hearing, Pleasant Valley argued that Nelson became a periodic tenant after her one-year lease expired; that, pursuant to WIS. STAT. § 704.19(3), Pleasant Valley was only required to provide a 28-day notice terminating tenancy; and that Pleasant Valley could terminate Nelson's tenancy for any reason.  In response, Nelson argued, consistent with what she alleged in her answer, that pursuant to WIS. STAT. § 710.15(1m), any rental agreement for a manufactured home site was required to be by lease for a term of at least one year, unless the resident and operator agreed to a shorter term.

¶5     The circuit court ruled in favor of Pleasant Valley, concluding that the protections afforded to renters of a manufactured home "site" in WIS. STAT. § 710.15(1m) apply only to tenants who own the manufactured home but rent the plot of land underneath the home, and not to tenants such as Nelson, who rented both the home and the plot.  Specifically, the court concluded that, because Nelson

---

[3] Pleasant Valley attached to its eviction complaint a document titled, "Residential Rental Agreement" that appears to be filled out as a month-to-month lease for Nelson beginning June 1, 2023.  However, as Nelson pointed out in her answer, the document contains no signatures.  At the hearing held in this matter, Pleasant Valley did not rely on this document and instead represented that after the one-year lease expired, "there was no new rental agreement entered into" but Nelson "held over" and "continued to pay rent and became a periodic tenant under [WIS. STAT. §] 704.01(2)."  Pleasant Valley reiterates on appeal that Nelson "did not have a valid lease" upon expiration of the prior one-year lease but was instead a periodic tenant, and Pleasant Valley does not rely on the Residential Rental Agreement.  For her part, Nelson states in her appellant's brief that she "never elected to rent the manufactured home site for a term of less than a year," thereby agreeing with Pleasant Valley's representation that the parties did not enter into a written lease.

rented both the manufactured home and the associated plot, she was not the renter of a "site" for purposes of § 710.15(1m). In support of this conclusion, the court first relied on its view of the legislature's intent. According to the court, due to the expense of moving a manufactured home, individuals who own a manufactured home have a greater interest in not being evicted from the rented plot of land than those who rent their homes. The court also relied on WIS. ADMIN. CODE § ATCP 125.01(7)(b), which defines "site" to specifically exclude a plot of land rented for the accommodation of a manufactured home that is "[o]wned by the operator and occupied as a residence."[4] Because Pleasant Valley owned both the plot and the manufactured home that Nelson rented, the court concluded that Nelson did not rent a "site" for purposes of the rental protections afforded by § 710.15(1m). The court entered a judgment for eviction on November 7, 2023.

¶6 Nelson filed a motion for reconsideration, which also included a request to stay the judgment for eviction pending appeal. The circuit court denied both requests. Nelson appeals the eviction judgment.

## DISCUSSION

¶7 This case requires us to interpret statutory and administrative code provisions. We do so de novo, using the same canons of statutory construction. *Orion Flight Services, Inc. v. Basler Flight Service*, 2006 WI 51, ¶¶16, 18, 290 Wis. 2d 421, 714 N.W.2d 130. Statutory interpretation begins with the language of the statute, which is generally given its common, ordinary, and accepted meaning. *Id.*, ¶16. In addition, "statutory language is interpreted in the context in

---

[4] All references to WIS. ADMIN. CODE § ATCP are to the November 2024 register unless otherwise noted.

which it is used, in relation to the language of surrounding or closely-related statutes, and interpreted to avoid absurd or unreasonable results." ***Id.***

¶8      In issuing its eviction judgment, the circuit court agreed with Pleasant Valley that, upon the expiration of Nelson's final one-year written lease, Nelson became a periodic tenant and was therefore subject to a month-to-month lease that Pleasant Valley was permitted to terminate through a 28-day notice of eviction. *See* WIS. STAT. §§ 704.01(2); 704.25(2)(b) and (c); and 704.19(3).[5]  For purposes of this appeal, Nelson does not dispute that, if she were a periodic tenant, the 28-day notice requirement would apply, nor does she dispute that she received such notice.  However, Nelson argues that she was not a periodic tenant at the time she received the 28-day notice because, pursuant to WIS. STAT. § 710.15(1m), rental of a site must be pursuant to a lease for a term of not less than one year, meaning that any month-to-month rental agreement would be invalid. Section 710.15(1m) provides:

> REQUIREMENT AND TERM OF LEASE.  Every agreement for the rental of a mobile home site or manufactured home site shall be by lease.  Every lease shall be for a term of at least one year unless the resident or occupant requests a shorter term and the operator agrees to the shorter term.

---

[5] WISCONSIN STAT. § 704.01(2) defines "periodic tenant" as "a tenant who holds possession without a valid lease and pays rent on a periodic basis."  WISCONSIN STAT. § 704.25(2)(b) and (c) provide, as pertinent here, that when a tenant "holds over after expiration of the lease, the landlord may elect to hold the tenant on a month-to-month basis" and that "[a]cceptance of rent for any period after expiration of a lease or other conduct manifesting the landlord's intent to allow the tenant to remain in possession after the expiration date constitutes an election by the landlord under this section unless the landlord has already commenced proceedings to remove the tenant."  WISCONSIN STAT. § 704.19(3) provides that when rent is payable on a monthly basis, at least 28 days' notice must be given to terminate the periodic tenancy.

*See also* § 710.15(1)(ag) (defining "lease" as "a written agreement" between an operator and a resident). Nelson further argues that, because she was not a periodic tenant but was instead subject to a lease for her site of at least one year, she had additional statutory protections from termination of her tenancy pursuant to WIS. STAT. §§ 704.17(2) and 710.15(5m), which limit the circumstances under which a landlord may terminate tenancy or refuse to renew a lease.

¶9      The parties agree that resolution of this appeal turns on the meaning of the term "site" as used in WIS. STAT. § 710.15(1m). As stated, the circuit court concluded that the term "site" in § 710.15(1m) has the same meaning as "site" as defined in WIS. ADMIN. CODE § ATCP 125.01(7). Under § ATCP 125.01(7), "site" is defined as "any plot of land that is rented or offered for rental for the accommodation of a manufactured home" but "does not include a plot of land rented for the accommodation of a manufactured home that is … [o]wned by the operator and occupied as a residence."

¶10      Nelson argues that there is no basis to conclude that the definition of "site" in WIS. ADMIN. CODE § ATCP 125.01(7) should be applied to WIS. STAT. § 710.15(1m). Instead, Nelson argues, the statutory term "site" is unambiguous and may therefore be defined by reference to a dictionary definition. *See **Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 ("[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" (quoted source omitted)); *id.* ("Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."); *id.*, ¶53 (stating that when the language of a statute is clear and unambiguous, its "common and accepted meaning [is] ascertainable by reference to the dictionary definition."). Although

we discuss the applicability of § ATCP 125.01(7) in greater detail below, we note here that neither the circuit court nor Pleasant Valley has directed us to any language in § 710.15(1m), § ATCP 125.01(7), or any other statutory or administrative code provision that suggests that the definition of "site" in § ATCP 125.01(7) is incorporated into the meaning of that term in § 710.15(1m).[6]

¶11    We agree with Nelson that there is nothing in the statutory language itself or surrounding statutes that suggests the type of limitation to the term "site" that appears in WIS. ADMIN. CODE § ATCP 125.01(7), *i.e.*, that "site" excludes a plot of land rented for the accommodation of a manufactured home that is "owned by the operator" and occupied as a residence by a tenant. Rather, the text of WIS. STAT. § 710.15(1m) is broad and appears to contemplate all mobile and manufactured home sites, regardless of the ownership status of the homes situated on the sites. *See* § 710.15(1m) (applying to "[e]very agreement for the rental of a mobile home site or manufactured home site.").

¶12    As Nelson notes, when a term is not statutorily defined, we may consult a dictionary to determine its common and accepted meaning. *See **Kalal**,* 271 Wis. 2d 633, ¶¶53-54. Using a dictionary definition, the term "site" refers to the "spatial location of an actual or planned structure or set of structures" or a "space of ground occupied or to be occupied by a building," https://www.merriam-webster.com/dictionary/site (last visited May 8, 2025). Applying that definition here, the term "site" as used in WIS. STAT. § 710.15(1m) refers to the "spatial location" or "space of ground occupied" by the manufactured

---

[6] We likewise have not been directed to any legislative or administrative history that would suggest that the definition of WIS. ADMIN. CODE § ATCP 125.01 applies, nor has our independent research uncovered any.

home that Nelson rented, namely, the plot of land Nelson rented from Pleasant Valley. Thus, the protections afforded by § 710.15(1m) apply to Nelson's rental of the manufactured home site.

¶13 Pleasant Valley's arguments to the contrary are unpersuasive. Significantly, although Pleasant Valley purports to rely on a "plain meaning" interpretation of the term "site" in WIS. STAT. § 710.15(1m), its interpretation consists solely of the assertion that the definition in WIS. ADMIN. CODE § ATCP 125.01(7) applies. Further, all Pleasant Valley offers in support of its contention that the definition of "site" in § ATCP 125.01(7) applies is an April 20, 2022 publication by the Tenant Resource Center, titled, "Mobile Home Basics." *See* Laura Dixson-Kruijf, *Mobile Home Basics*, TENANT RESOURCE CENTER (Apr. 20, 2022), https://www.tenantresourcecenter.org/mobile_home_basics. We will assume for purposes of this opinion that we may consider such extrinsic sources in discerning the meaning of the statutory term "site."[7] However, as Nelson points out, this publication, including one of the excerpts that Pleasant Valley quotes, actually supports Nelson's position that WIS. ADMIN. CODE ch. ATCP 125 does not apply to Nelson's situation and that it instead applies only when the tenant owns the manufactured home but rents the accompanying plot of land. For example, the publication states:

> The most basic information to have about mobile homes is to figure out which category you are in, and the laws that apply to you:
>
> 1. *Do you own your mobile home (you have the title), but you rent the lot (the piece of land)? Then ATCP 125 and*

---

[7] Pleasant Valley includes this publication in its appendix, and Nelson does not dispute that we may consider this publication to the extent that we may consider sources outside the language of WIS. STAT. § 710.15(1m) itself.

> WIS. STAT. [§] 710.15 *protect you* as a mobile home owner. Your rights as a tenant of the lot are protected by WIS. STAT. [§] 704, ATCP 134, and WIS. STAT. [§] 799, but these only apply to the lot, and not inside the mobile home, where you have sole ownership.
>
> 2. *Do you rent both the mobile home and the lot? Then ATCP 125 does NOT apply to you. Your rights as a tenant (of both the home and the lot) are protected by WIS. STAT. [§] 710.15*, WIS. STAT. [§] 704, ATCP 134, and WIS. STAT. [§] 799.

*Id.* (Italics added, bolding omitted). This excerpt supports not only the view that ch. ATCP 125 is inapplicable to tenants like Nelson who rent both the manufactured home and the associated plot of land but also that the protections of § 710.15 apply in such circumstances (*i.e.*, "Your rights a tenant (of both the home and the lot) are protected by [§] 710.15."). Pleasant Valley does not point to any other language from this publication that supports a conclusion that a definition from ch. ATCP 125 must be applied when interpreting "site" in § 710.15(1m).

¶14    Nelson also provides other sources in support of her position that WIS. ADMIN. CODE § ATCP 125.01(7) does not apply here. First, she relies on the "Analysis" of amendments to WIS. ADMIN. CODE ch. ATCP 125 that was conducted by the Department of Agriculture, Trade, and Consumer Protection, the agency that promulgated the chapter. WIS. ADMIN. CODE ch. Ag 125 (Register, February 1987, No. 374).[8] This analysis explicitly states that the amendments "clarify that [ch. ATCP] 125 does not apply to rental transactions in which the mobile home occupant rents both the mobile [or manufactured] home and the mobile home site from the park operator." *Id.* at 2. Instead, ch. ATCP 125

_____

[8] WISCONSIN ADMIN. CODE ch. Ag 125 was renumbered WIS. ADMIN. CODE ch. ATCP 125 under WIS. STAT. § 13.93(2m)(b)1. (1993-94).

"applies to mobile home parks in which mobile homes owned by tenants are placed on rental sites owned by the park operator." *Id.* Nelson also relies on a chart set forth in the *Wisconsin Landlord & Tenant Manual*, which makes the same point: ch. ATCP 125 does not apply to tenants who rent both the manufactured home and the corresponding plot, but WIS. STAT. § 710.15 does:

**Applicable State Statutes And Regulations Regarding Mobile Homes In Wisconsin**

|  | Wisconsin Statutes | Wisconsin Administrative Code |
|---|---|---|
| **Rent mobile home and lot** | WIS. STAT. ch. 704, § 710.15 | WIS. ADMIN. CODE ch. ATCP 134 |
| **Own mobile home, rent lot** | WIS. STAT. ch. 704, § 710.15 | WIS. ADMIN. CODE chs. ATCP 125, 134 |
| **Rent to own** | Depends on contract | Depends on contract |

Kristin K. Beilke et al., *Wisconsin Landlord & Tenant Manual* 10-2 (1st ed. 2020).

¶15    We further observe that several provisions in WIS. ADMIN. CODE ch. ATCP 125 also support the view that this chapter applies only to tenants who own a manufactured home but rent the corresponding plot. For example, § ATCP 125.01(9) defines "tenant" as "any person residing in a manufactured home and renting a site from an operator." Notably, this definition does not refer to an individual renting the manufactured home itself, only the site. Similarly, § ATCP 125.01(5) defines "rental agreement" as "an agreement between an operator and a tenant *for the rental of a site*." (Emphasis added.) Also, § ATCP 125.01(3) defines "operator" as "any person engaged in the business of renting *sites* in a manufactured home community to tenants." (Emphasis added.)

¶16    In contrast, definitions of the same or similar terms in WIS. STAT. § 710.15(1) contemplate rental of both the plot *and* the manufactured home. For example, unlike the definition of "operator" in WIS. ADMIN. CODE § ATCP 125.01(3) that includes only those who rent "sites," "operator" is defined in § 710.15(1)(d) as "a person engaged in the business of renting plots of ground

11

*or mobile homes or manufactured homes* in a community to mobile home or manufactured home owners or occupants." (Emphasis added.). And unlike the definition of "rental agreement" in § ATCP 125.01(5) that includes only the rental of a "site," § 710.15(1)(ag) defines "lease" to include rental of the home: *i.e.*, "a written agreement between an operator and a resident establishing the terms upon which the mobile home or manufactured home may be located in the community or the resident may *occupy a mobile home or manufactured home* in the community."[9] (Emphasis added.). These contrasting definitions of the same or similar terms in ch. ATCP 125 as compared to § 710.15 support the view that ch. ATCP 125 applies only to tenants who own the manufactured home but rent the plot of land, whereas § 710.15 applies more generally—to tenants who rent the plot, rent the home, or rent both the plot and home.

¶17 Based on the foregoing, we conclude that WIS. ADMIN. CODE ch. ATCP 125 does not apply to Nelson because she rents both the manufactured home and the associated plot from Pleasant Valley. And because Pleasant View has provided no other basis to contradict Nelson's "plain meaning" interpretation of the statutory term "site" discussed above, we adopt Nelson's definition and conclude that the protections afforded by WIS. STAT. § 710.15(1m) apply to Nelson's rental of the manufactured home site. Accordingly, we reverse the circuit court's judgment for eviction that was based on its conclusion to the contrary, and we remand this matter for further proceedings.

¶18 Finally, for purposes of remand, we note that the parties dispute whether—assuming WIS. STAT. § 710.15(1m) applies—Nelson was in fact

---

[9] "Lease" is not a defined term in WIS. ADMIN. CODE ch. ATCP 125.

afforded the statutory protections to which she was entitled prior to her eviction and that, because of the circuit court's dispositive ruling on other grounds, the court did not make findings in this regard. Therefore, on remand, the court shall determine whether, given the applicability of § 710.15(1m), Nelson was provided the statutory protections to which she was entitled.

*By the Court.*—Judgment reversed and cause remanded with directions.

Not recommended for publication in the official reports.